1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAUL EDWARD DURAN, | Case No.: 1:21-cv-00263-SAB (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION |
| v. | |
| DURAN, et al., | FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF |
| Defendants. | |
| | (ECF No. 1) |

Plaintiff Paul Edward Duran is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's complaint, filed February 25, 2021.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

On March 5, 2019, officer Muniz broke Plaintiff's 15-inch television during a cell search. Plaintiff immediately filed a CDCR Form 22 request and sergeant Duran conducted an investigation regarding the incident.  The television and a headphones were confiscated.

On March 22, 2019, sergeant Duran called Plaintiff to his office and gave Plaintiff a 13-inch television as a replacement.  Plaintiff asked Duran about his headphones and he said he didn't know what happened to them.

On April 3, 2019, Plaintiff filed an inmate grievance contending that he was not provided a replacement television worth the same value as his damaged television and he was not given replacement headphones.

///

2

In July 2019, Plaintiff received the first level response to his grievance and he discovered that sergeant Duran fabricated and forged a CDCR claim release form with Plaintiff's signature stating that Plaintiff accepted the 13-inch television as just compensation for his 15-inch television.  Sergeant Duran also fabricated and forged the cell search slip with officer Muniz.  The 13-inch television has since stopped working.

**III.**

**DISCUSSION**

**A.     Property Rights**

Plaintiff alleges that his television was damaged by Defendant Muniz during a cell search and he was not provided a replacement headphones or a television worth the same value as his damaged television.   Whether the cause of the property loss or damage was intentional and unauthorized or negligent, Due Process is satisfied if there is a meaningful postdeprivation remedy available to Plaintiff.  Hudson v. Palmer, 468 U.S. 517, 533 (1984).  Plaintiff has an adequate postdeprivation remedy available under California law.  Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir.1994) (citing Cal. Gov't Code §§ 810–895).  To the extent Plaintiff challenges the unauthorized or negligent taking of his personal property in contravention of a statute or regulation authorizing it, California law provides him with an adequate state post-deprivation remedy, and his substantive and procedural due process claims challenging the loss of his property are not cognizable in a § 1983 action.  Thus, Plaintiff cannot obtain relief under § 1983 based on his allegation that officer Muniz lost and/or damaged his property.  Accordingly, Plaintiff fails to state a cognizable claim for relief.

**B.     Leave to Amend**

A *pro se* litigant is entitled to receive notice of the deficiencies in the complaint and an opportunity to amend before dismissal with prejudice is appropriate, unless the deficiencies cannot be cured by amendment. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir.2000) (*en banc* ).

Plaintiff's allegations involve an allegedly negligent or intentional failure to inventory his personal property, which resulted in its unauthorized deprivation.  Because such a claim is not cognizable under section 1983, leave to amend would be futile and shall be denied.  Akhtar v. Mesa,

3

698 F.3d 1202, 1212-13 (9th Cir. 2012) (leave to amend would be futile and need not be granted as the defects in his pleading are not capable of being cured through amendment.)

### IV.

### CONCLUSION AND RECOMMENDATION

For the reasons stated above, Plaintiff fails to state a cognizable claim for relief and leave to amend would be futile.

Accordingly, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that the instant action be dismissed for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __April 6, 2021__                    _____

                                              UNITED STATES MAGISTRATE JUDGE