# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL EDWARD DURAN,<br><br>        Plaintiff,<br><br>  v.<br><br>DURAN, et al.,<br><br>        Defendants. | Case No.: 1:21-cv-00263-AWI-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND DISMISSING ACTION FOR FAILURE TO STATE A COGNZIABLE CLAIM FOR RELIEF<br><br>(ECF No. 7) |

Plaintiff Paul Edward Duran is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 6, 2021, the assigned magistrate judge issued findings and recommendations that the instant action be dismissed for failure to state a cognizable claim for relief because the alleged due process violation in relation to the deprivation of his property must be addressed by way of California law. (ECF No. 7.) Those findings and recommendations were served on plaintiff and contained notice that any objections were to be filed within twenty-one (21) days after service. (*Id.* at 4.)

On April 28, 2021, Plaintiff filed objections to the findings and recommendations. (ECF No. 8.) Plaintiff argues that he was unable to timely file a claim in state court due the delay in response to his inmate grievance. (*Id.* at 2.) However, it is immaterial whether plaintiff succeeds in obtaining redress through these alternate remedies; it is their mere existence that bars him from pursuing a

1

section 1983 due process claim. <u>Willoughby v. Luster</u>, 717 F.Supp. 1439, 1443 (D. Nev. 1989); <u>see also</u> <u>Dennison v. Ryan</u>, 522 Fed. Appx. 414, 418 (9th Cir. Apr. 9, 2013) (inmate's inability to access the grievance procedure regarding his property loss did not render his postdeprivation remedy inadequate under <u>Hudson v. Palmer</u>, 468 U.S. 517, 535 (1984)).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the undersigned has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including, plaintiff's objections, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly,

1. The findings and recommendations issued on April 6, 2021 (ECF No. 7) are adopted in full; and
2. The instant action is dismissed for failure to state a cognizable claim for relief.

IT IS SO ORDERED.

Dated: April 29, 2021

SENIOR DISTRICT JUDGE